Margaret LESHKO, Appellee,

v.

John LESHKO, Appellant.

Superior Court of Pennsylvania.

Submitted July 7, 2003.

Filed Sept. 29, 2003.

John Piazza, Williamsport, for appellant.

Margaret Leshko, appellee, pro se.

BEFORE: JOYCE, MUSMANNO and CAVANAUGH, JJ.

OPINION BY JOYCE, J.:

¶ 1 John Leshko, Appellant, appeals from the protection from abuse (PFA) order entered October 8, 2002, by the Court of Common Pleas of Luzerne County. Upon review, we vacate the order and remand for proceedings consistent with this memorandum. The relevant facts and procedural history are as follows.

¶ 2 John Leshko and Margaret Leshko (Appellee) were in the process of getting a divorce. The parties had an informal custody arrangement and, in the process of effectuating this arrangement, an incident occurred that prompted Appellee to file a PFA petition. On October 2, 2002, a temporary order was entered, and a hearing date was scheduled for October 8, 2002 in accordance with 23 Pa.C.S.A. § 6107.

¶ 3 At the hearing, Appellee was questioned by the trial court regarding the basis for the PFA petition. Appellant, who was represented by counsel, then had an opportunity to cross-examine her. At the conclusion of the cross-examination, counsel indicated his desire to ask some questions of Appellant. N.T., 10/08/02, at 12. The trial court responded that "We'll

get to that" and again questioned Appellee as to what she was seeking to achieve via the PFA petition. *Id.* Appellee responded that she simply did not want to be harassed anymore and said that "if he (Appellant) stays in the house, I'll drop them (the children) off and pick them up." *Id.* at 13. The trial court asked if this resolution was satisfactory to Appellant, to which counsel replied that it was not. *Id.* After some more dialogue, the trial court directed that there be no further contact between the parties and that Appellant was to arrange for the transportation of the children. Counsel stated his assumption that the PFA was not being granted and the trial court indicated that it was, in fact, entering an order "only to the extent there will be no contact without a finding of any fault. It's a mutual PFA." *Id.* at 15. Counsel objected to the granting of the PFA and reminded the trial court that Appellant had not had an opportunity to testify and to deny the allegations brought against him. *Id.* at 16. Nonetheless, the order was entered and this appeal followed.

¶ 4 Although presented as three separate questions, Appellant essentially alleges trial court error for not allowing him to present testimony on his own behalf. We agree. 23 Pa.C.S.A. § 6107 provides:

**Hearings.**

(a) **General rule.**—Within ten days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel, and of the fact that any protection order granted by a court may be considered in any subsequent proceedings under this title. . . .

23 Pa.C.S.A. § 6107.

¶ 5 Under the facts presented in this case, we find that Appellant was not afforded a hearing a mandated by § 6107. The very narrow question of whether a defendant in a PFA proceeding who is not afforded the opportunity to testify has been denied due process has not been addressed by the courts. However, the courts have examined whether a defendant who was unrepresented at a hearing was denied due process. We held that a defendant has been afforded due process "where Appellant was entitled to present witnesses in his own defense and to cross-examine witnesses including Appellee" despite being unrepresented by counsel. *D.H. v. B.O.,* 734 A.2d 409 (Pa.Super.1999); *R.G. v. T.D.,* 448 Pa.Super. 525, 672 A.2d 341 (1996).

¶ 6 In the case *sub judice,* Appellant was represented by counsel and had the opportunity to cross-examine Appellee. However, he was denied the opportunity to present witnesses on his own behalf, namely himself. This deprivation flies in the face of the concept of a full and meaningful hearing and ignores the adversarial nature of the PFA proceedings. The trial court heard only one side of the story and then forced a consent agreement upon Appellant.[1] This impacted upon Appellant's due process rights and the trial court's refusal

---

1. The trial court stated "I'll grant the PFA only to the extent there will be no contact without a finding of any fault. It's a mutual PFA. There's to be no contact period." N.T., 10/08/02, at 15. A consent agreement and a mutual order of protection are very different species, see 23 Pa.C.S.A. § 6108(a) and (c), but it appears that the trial court was referring to a consent agreement even though Appellant did not acquiesce to it. The propriety of entering a consent agreement was not properly raised in Appellant's brief and therefore will not be addressed by this Court.

to hear from him constituted an error of law.

¶ 7 We find that the trial court committed an error of law when it entered an order without conducting a full and meaningful hearing where Appellant was afforded an opportunity to testify on his own behalf. Accordingly, we vacate the October 8, 2002 order and remand to the trial court to conduct a proper hearing pursuant to 23 Pa.C.S.A. § 6107.

¶ 8 Order vacated. Case remanded. Jurisdiction relinquished.