J-S69006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID RICHARDSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CATHERINE RICHARDSON | |
| Appellant | No. 3477 EDA 2014 |

Appeal from the Order Entered November 14, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-29238

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:  **FILED DECEMBER 16, 2015**

Appellant, Catherine Richardson, appeals from the order entered in the Montgomery County Court of Common Pleas, granting final Protection from Abuse ("PFA") in favor of Appellee, David Richardson.  For the following reasons, we vacate the final PFA order, direct reinstatement of the temporary PFA order, and remand for further proceedings.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> On October 30, 2014, Appellee filed a [PFA petition] against Appellant on behalf of himself.  In said petition Appellee avers that on October 28, 2014, Appellant repeatedly called his cell phone and office, and eventually got him on the phone to tell him…"she was coming to [his] home and someone was going to beat [him] up and get inside of [his] home.  On the same date, the Honorable Patricia E. Coonahan, issued a temporary PFA Order, which directed that Appellant "shall not abuse, harass, stalk, or

threaten," or have any contact with Appellee. In addition, a Notice of Hearing was issued scheduling a hearing on the PFA petition for November 6, 2014, before the undersigned.

On October 31, 2014, Appellant was personally served with a copy of the PFA petition, the temporary PFA Order, and the Notice of Hearing that indicated a hearing would be held on November 6, 2014.

On November 6, 2014, Appellee appeared for the hearing, but Appellant failed to appear. After verifying that Appellant had not requested any continuance, and had received proper service of the Notice of Hearing, this [c]ourt conducted a hearing in Appellant's absence.

At the conclusion of the hearing, this [c]ourt issued a final PFA Order ("Final PFA") on behalf of Appellee which directs that Appellant, for a period of one (1) year, shall not contact Appellee, his wife, or his stepdaughter, and further directs that Appellant "shall not abuse, stalk, harass, threaten or attempt to use physical force that would reasonably be expected to cause bodily injury to Appellee. The Final PFA also directs Appellant to undergo alcohol rehabilitation.

On December 2, 2014, Appellant filed an Emergency Motion for Reconsideration of the November 6, 2014 Final PFA Order. In said Motion, Appellant averred that she had every intention to appear on November 6, 2014, to defend against the PFA petition, but was unable to attend because she was involuntarily committed to the Montgomery County Services Building 50 ("Building 50") pursuant to section 302 of the Mental Health Procedures Act of 1976.[1] Appellant sought to vacate the Final PFA Order, reinstate the temporary PFA Order, and reschedule the hearing so that she could present a defense to the PFA petition. In an abundance of caution to preserve her appeal rights, on December 5, 2014, Appellant also filed a Notice of Appeal from the November 6, 2014 Final PFA Order.

_____

[1] 50 P.S. § 7302.

On December 17, 2014, this [c]ourt issued an Order, which purportedly granted Appellant's Emergency Motion for Reconsideration, vacated the November 6, 2014 Final PFA, reinstated the October 30, 2014 temporary PFA, and scheduled a new hearing date for January 6, 2015.

However, on January 9, 2015, the Superior Court of Pennsylvania, issued a Per Curiam Order, which informed this [c]ourt that because this [c]ourt did not grant Appellant's Motion for Reconsideration until December 17, 2014, which was two days after the thirty day window for reconsideration, this [c]ourt was without jurisdiction to enter the December 17, 2014 Order. Accordingly, the Final PFA Order was properly before the Superior Court on appeal.

On January 21, 2015, Appellant filed a Response to the Superior Court's January 9, 2015 Order and an Application for Remand. In said Response/Application, Appellant requests that the matter be remanded back to this [c]ourt so that a hearing can be held, as outlined in the December 17, 2014 Order.

(Trial Court Opinion, filed April 10, 2015, at 1-3) (internal footnotes omitted).

Appellant raises the following issue on appeal:

WAS APPELLANT DENIED PROCEDURAL DUE PROCESS WHEN TRIAL WAS CONDUCTED IN HER ABSENCE WHILE SHE REMAINED INVOLUNTARILY CIVILLY COMMITTED PURSUANT TO SECTION 302 OF THE MENTAL HEALTH PROCEDURE[S] ACT OF 1976[,] 50 P.S. § 7302[?]

(Appellant's Brief at 4).

Appellant argues she was denied due process when the Court of Common Pleas of Montgomery County proceeded with trial in her absence. Specifically, Appellant contends that on the date Appellee's PFA petition was

- 3 -

heard, Appellant was rendered unavailable due to her involuntary civil commitment, pursuant to Section 302 of the Mental Health Procedure Act of 1976. Because Appellant was literally rendered unavailable for trial, Appellant concludes we should remand for further proceedings. We agree.

When an appellant files a motion for reconsideration of a final order, she must file the notice of appeal simultaneously to assure the availability of appellate review should the trial court deny the petition or fail to grant it "expressly" within the 30-day appeal period. *See Sass v. AmTrust Bank*, 74 A.3d 1054, 1062 (Pa.Super. 2013), *appeal denied*, 624 Pa. 675, 85 A.3d 484 (2014) (citing *Cheathem v. Temple University Hosp.*, 743 A.2d 518, 521 (Pa.Super. 1999)). In other words, the mere filing of a motion for reconsideration does not toll the 30-day appeal period:

> The Rules of Appellate Procedure recognize a single method to toll the appeal period which counsel throughout this Commonwealth have consummated through decades of practice: "[T]he 30-day period may only be tolled if that court enters an order 'expressly granting' reconsideration within 30 days of the final order." "There is no exception to this Rule, which identifies the only form of stay allowed. A customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one "expressly granting" reconsideration, is inadequate." Consequently, a party seeking reconsideration must file the notice of appeal simultaneously to assure the availability of appellate review should the trial court deny the petition or fail to grant it "expressly" within that critical 30–day window.

*Sass, supra* (internal citations omitted). *See also Commonwealth v. Moir,* 766 A.2d 1253, 1254 (Pa.Super. 2000) (holding court must expressly

grant reconsideration within 30-day appeal period; court's order to show cause and setting hearing date does not expressly grant reconsideration; filing protective notice of appeal is necessary to preserve appellate rights).

For a PFA hearing to comport with due process, the parties must, at a minimum, have the opportunity to present witnesses on their own behalf, testify on their own behalf, and cross-examine the opposing party and his/her witnesses. **Leshko v. Leshko,** 833 A.2d 790 (Pa.Super. 2003).

Instantly, the trial court reasoned:

> "The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." **Buchhalter v. Buchhalter**, 959 A.2d 1260, 1262 (Pa.Super. 2008). In PFA hearings, a defendant has been afforded due process "where Appellant was entitled to present witnesses in his own defense and to cross-examine witnesses including Appellee" despite being unrepresented by counsel. [**Leshko supra** at 791.]
>
> In the present matter, although the [c]ourt finds the issuance of the Final PFA was proper and in accordance with 23 Pa.C.S. § 6107(a), this [c]ourt was willing to vacate the Final PFA, and reinstate the temporary PFA to afford Appellant the opportunity to defend against the PFA petition while still providing Appellee with protection in the interim. Because Appellee's interests are still protected by the temporary PFA, this [c]ourt does not find that Appellee would be prejudiced if Appellant were granted to the opportunity to present a defense to the PFA petition. Accordingly, [the court] respectfully submits that this matter should be remanded so this [c]ourt can conduct a new hearing….

(Trial Court Opinion at 3-4). We accept the court's recommendation; Appellant can have her day in court while Appellee remains protected under

- 5 -

the temporary PFA order  Thus, we vacate the final PFA order, direct reinstatement of the temporary PFA order, and remand for further proceedings.

Order vacated, case remanded.  Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2015