J-A16011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DALLAS KALUSTIAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY SCOTT DUGAN, | |
| Appellant | No. 859 WDA 2015 |

Appeal from the Order May 1, 2015
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD-15-00524

BEFORE:  SHOGAN, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 14, 2016**

Appellant, Jeffrey Scott Dugan, appeals from the order entered May 1, 2015, which granted the protection from abuse ("PFA") petition filed by Appellee, Dallas Kalustian ("Kalustian").  We affirm.

The trial court summarized the factual basis of this matter as follows:

[Kalustian] entered into a working relationship [with Appellant] whereby [Kalustian] agreed to do a fitness television show for [Appellant].  The testimony indicates that in March of 2015, the relationship between the parties became sexual.  [Kalustian] testified that after the parties had sexual relations that [Appellant's] care and demeanor drastically changed. [Kalustian] testified that when she ended the relationship that [Appellant] began to harass and threaten her, at one point telling her that he would do more than just throw water on her. [Kalustian] testified that [Appellant] threatened to vandalize [Kalustian's] car as well as run [Kalustian] down.  [Kalustian]

_____

[*]  Retired Senior Judge assigned to the Superior Court.

testified that on April 9, 2015, [Appellant] came to her residence and began pounding on the door and shouting as well as ringing the doorbell, and [repeatedly] calling and texting and telling [Kalustian] to come out of her residence. [Kalustian] testified that she was extremely threatened and scared to go to the door.

Trial Court Opinion, 1/14/16, at 1-2.

Kalustian filed a PFA petition pursuant to the PFA Act, 23 Pa.C.S. §§ 6101-6122 ("the Act"), against Appellant. On April 13, 2015, a temporary PFA order was issued against Appellant. A hearing on the PFA petition was conducted on April 28, 2015. At the hearing, Kalustian testified to circumstances as outlined above by the trial court. The record reflects that Appellant represented himself at the PFA hearing. Appellant testified contrary to Kalustian's allegations, and asserted that Kalustian owed him $1,700 and that is what prompted him to contact her on April 9, 2015.

At the conclusion of the PFA hearing, the trial court entered a final PFA order against Appellant. The PFA order excludes Appellant from Kalustian's residence and remains in effect until April 28, 2018.[1] Final PFA Order, 5/1/15, at 1. Appellant filed a timely notice of appeal from the trial court's final PFA order, and he filed a Pa.R.A.P. 1925(b) statement along with his notice of appeal. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

_____

[1] "A protection order or approved consent agreement shall be for a fixed period of time not to exceed three years." 23 Pa.C.S. § 6108(d).

- 2 -

Appellant presents the following issues for our review:

1.    Did the Trial Court deprive Appellant of his Due Process rights and right to a full and fair hearing under 23 Pa.C.S. § 6107(a) by restricting Appellant's cross-examination of [Kalustian] during the Protection from Abuse hearing?

2.    Did the Trial Court deprive Appellant of his Due Process rights and right to a full and fair hearing under 23 Pa.C.S. § 6107(a) by not providing Appellant with an opportunity to testify?

3.    Did the Trial Court abuse its discretion and commit material error when it failed to conduct an evidentiary analysis of, or to admit into evidence, text messages sent to Appellant from [Kalustian's] cell phone number that were highly relevant to Appellant's credibility and her allegations of abuse?

Appellant's Brief at 2.

In his first issue, Appellant argues that his due process rights to a full and fair hearing under the Act were violated. Appellant's Brief at 9. Specifically, Appellant asserts that his rights were violated when the trial court improperly restricted Appellant from cross-examining Kalustian. *Id.* Appellant contends that the trial court improperly limited his questioning of Kalustian, restricting him from questioning Kalustian about her jealousy regarding Appellant's interaction with other women and Kalustian's willingness to enter into a relationship with Appellant. *Id.* at 12.

We review the propriety of a PFA order for an abuse of discretion or an error of law. *Commonwealth v. Walsh*, 36 A.3d 613, 617 (Pa. Super. 2012). In *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000), our Supreme Court defined "abuse of discretion" in the following way:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Id.* at 753.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Lanza v. Simconis*, 914 A.2d 902, 905 (Pa. Super. 2006). Under the Act, evidentiary hearings are mandatory. Section 6107 provides, in relevant part, the following regarding the process due in the context of PFA orders:

**§ 6107. Hearings.**

**(a) General rule.-**Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel, . . . and that any protection order granted by a court may be considered in any subsequent proceedings under this title....

23 Pa.C.S. § 6107(a). In interpreting Section 6107, this Court has held that the word "shall" in Section 6107(a) mandates that a final evidentiary hearing must be conducted within ten days. *Drew v. Drew*, 870 A.2d 377, 378 (Pa. Super. 2005); *Burke ex rel Burke v. Bauman*, 814 A.2d 206, 208 (Pa. Super. 2002).

- 4 -

In determining whether a hearing pursuant to Section 6107(a) comports with due process, this Court has held that a party must, at a minimum, have the opportunity to present witnesses, testify on one's behalf, and cross-examine the opposing party and his witnesses. *Lanza*, 914 A.2d at 906; *Leshko v. Leshko*, 833 A.2d 790, 791-792 (Pa. Super. 2003). Additionally, in PFA matters, "[t]his court defers to the credibility determinations of the trial court as to witnesses who appeared before it." *Karch v. Karch*, 885 A.2d 535, 537 (Pa. Super. 2005).

Turning to Appellant's claim, we first note that he failed to object to the trial court's limitation of his cross-examination of Kalustian. Pursuant to Pa.R.A.P. 302, issues not raised before the trial court are waived and cannot be raised for the first time on appeal. Because Appellant failed to raise this issue before the trial court, it is waived. Pa.R.A.P. 302(a); *Commonwealth v. Baker*, 963 A.2d 495, 502 (Pa. Super. 2008); *see also State Farm Mut. Auto. Ins. Co. v. Dill*, 108 A.3d 882, 885 (Pa. Super. 2015) ("It is axiomatic that '[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue.'").

Even if the issue was not waived, as claimed by Appellant in his reply brief, we would conclude that Appellant's argument lacks merit. Review of the hearing transcript reflects that Appellant was indeed afforded the

- 5 -

opportunity to cross-examine Kalustian. N.T., 4/28/16, at 26. As noted, Appellant chose to represent himself during the hearing, and his *pro se* cross-examination of Kalustian was, to say the least, inartfully executed. Kalustian's counsel objected to many of Appellant's questions, and those objections were properly sustained by the trial court. *Id.* at 26-42.

"[*P*]*ro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999). Moreover, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. 1991) (citing *Farretta v. California*, 422 U.S. 806, 834 n.46 (1975)). "Any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *In re Ullman*, 995 A.2d 1207, 1212 (Pa. Super. 2010).

Thus, the record reflects that Appellant was permitted to cross-examine Kalustian. Restrictions on that cross-examination resulted from Appellant's lack of legal expertise and skill in cross-examining a witness. Appellant's *pro se* status conferred no special benefit upon him so as to excuse his inability to properly cross-examine Kalustian.

Moreover, Appellant's questioning regarding Kalustian's alleged jealousy of his interaction with other women and Kalustian's willingness to

enter into a relationship with Appellant were irrelevant to the trial court's consideration of Appellant's harassing behavior as a basis for granting Kalustian's requested PFA. In light of the foregoing, had this issue not been waived, we would conclude that the trial court did not err or abuse its discretion by restricting Appellant's cross-examination of Kalustian at the PFA hearing. Accordingly, Appellant's claim lacks merit.

In his second issue, Appellant asserts that his due process rights to a hearing under the Act were violated when the trial court did not allow Appellant to testify on his own behalf. Appellant's Brief at 14. In support of this claim, Appellant maintains that "[Appellant] was never given an opportunity to serve as a witness on his own behalf, despite it being apparent to the Trial Court that he wished to do so." *Id.* at 16. Appellant also argues that "[b]y restricting [Appellant's] ability to testify, the Trial Court could not fairly evaluate the credibility of each party." *Id.* at 17.

We first note that, again, Appellant failed to raise this issue before the trial court, and it is therefore waived. Pa.R.A.P. 302(a). Even if the issue had been preserved, as Appellant contends, we would conclude that this issue lacks merit.

Due to Appellant's decision to represent himself at the PFA hearing, his inartful attempts to cross-examine Kalustian resulted in Appellant testifying to many facts regarding the relationship and the events giving rise to the PFA petition. N.T., 4/28/15, at 26-36. Additionally, Appellant had the

opportunity to testify on his own behalf and had direct exchanges with the trial court regarding the relationship and the events leading up to Kalustian filing a PFA petition. *Id.* at 36-42. The record reflects that Appellant had significant opportunity to present his side of the story and to attempt to bring into question Kalustian's credibility. It is apparent from review of the transcript that the trial court found Kalustian's testimony regarding Appellant's harassing behavior to be credible. Indeed, in its Pa.R.A.P. 1925(a) opinion, the trial court made the following statement: "The court found in this matter that [Kalustian's] testimony [was] more credible than that of [Appellant's] and that [Appellant] made [Kalustian] feel very unsafe and put [her] in fear of her physical well-being." Trial Court Opinion, 1/14/16, at 2.

We cannot reweigh the trial court's credibility determination. **See Karch**, 885 A.2d at 537 ("This court defers to the credibility determinations of the trial court as to witnesses who appeared before it."). Thus, were we to address the merits of Appellant's claim, we would conclude that Appellant was afforded the opportunity to testify on his own behalf. Accordingly, Appellant's second issue lacks merit.

In his third claim, Appellant argues that the trial court abused its discretion by failing to admit into evidence text messages between Appellant and Kalustian that Appellant proffered at the hearing. Appellant's Brief at 18. Appellant asserts: "Because these messages are admissible and

relevant to both [Kalustian's] credibility and to whether [Kalustian] reasonably feared abuse, the Trial Court's failure to admit and consider the text messages was an abuse of discretion requiring remand." *Id.* Among these texts, Appellant identifies a specific text allegedly sent by Kalustian to Appellant the day after Kalustian applied for an emergency PFA in which Appellant asserts that Kalustian admits to lying. *Id.* at 19-20.[2]

Again, we note that Appellant failed to raise this issue before the trial court, and therefore this issue is waived. Pa.R.A.P. 302(a). Moreover, even if the issue was not waived, the claim lacks merit for the following reasons.

A review of the hearing transcript reflects that the trial court did indeed consider the text messages referenced by Appellant. During the hearing, the trial court asked Appellant if he had any exhibits he wanted to present. N.T., 4/28/15, at 38. Appellant indicated that he did and began to read aloud several of the text messages. *Id.* at 38-39. It is apparent from the transcript that the trial court heard and considered these text messages, as reflected by the court's comment: "It flushed out what was going on between them. It has nothing to do with the threats and so on. . . . But it does give me an understanding of the byplay between the two." *Id.* at 39.

_____

[2] The language in the alleged text sent by Kalustian and relied upon by Appellant reads: "I needed you to hate me that's why I lied and filed a restraining order." Appellant's Brief at 20 (emphasis omitted). We note that from the context of the text, it is not entirely clear about what matter Kalustian allegedly admits to lying. *Id.*

With regard to the specific text message referenced by Appellant, allegedly sent by Kalustian after application for the temporary PFA and indicating that Kalustian lied regarding the restraining order, upon proffer, the court directed Appellant to show the text to opposing counsel. *Id.* at 39-40. After counsel presented the text to Kalustian, she stated that she did not send it. *Id.* at 40. The trial court acknowledged Kalustian's representation and proceeded to directly question Appellant about his harassment and stalking of Kalustian. *Id.* at 40-41. Thus, it can reasonably be concluded that the trial court found Kalustian credible and therefore did not request that the text message be read aloud.[3] Indeed, as noted, the trial court stated that it found Kalustian's testimony to be more credible than Appellant's.

We cannot reweigh the evidence and substitute our judgment for that of the trial court; thus, we cannot conclude that the trial court erred or

_____

[3] It is unclear from the hearing transcript as to whether the trial court actually read the text message at issue. The transcript reflects the following exchange:

[Appellant]:    Your honor, I would like to submit this [text message]. She sent this to me after.

The Clerk: Show it to counsel.

N.T., 4/28/15, at 39.

Accordingly, while it is unclear, it is possible that the trial judge had reviewed the text message at issue.

- 10 -

abused its discretion in declining to openly consider or reference that particular text message. *Commonwealth v. Gibson*, 720 A.2d 473, 480 (Pa. 1998) ("Credibility determinations are strictly within the province of the finder of fact; therefore, an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact.").[4] Thus, were we to review Appellant's third issue, we would not agree with Appellant's assertion that the trial court erred or abused its discretion in refusing to admit or consider the text messages Appellant sought to introduce. This claim also lacks merit.

Order affirmed.

_____

[4] While we note that review of the hearing transcript reflects that both parties appear to have been less than completely forthcoming, we cannot conclude that the trial court's determination was in error or an abuse of discretion based on the evidence of record. *See Morin v. Brassington*, 871 A.2d 844, 852 (Pa. Super. 2005) (explaining that this Court "[would] not invade the credibility-determining powers of the fact-finder merely because the evidence was conflicting and the fact-finder could have decided the case either way.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2016