J-S35037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.A., INDIVIDUALLY AND O/B/O A.H. & A.H. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| W.H. | : | |
| | : | No. 1311 MDA 2017 |
| Appellant | : | |

Appeal from the Order Entered July 26, 2017
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2017-40938

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:           **FILED JULY 25, 2018**

W.H. (Appellant) appeals from the final protection from abuse (PFA) order entered against him by the trial court with respect to his two minor granddaughters (the girls). Upon review, we reverse.

On July 13, 2017, Appellee, H.A. (Mother), filed a *pro se* petition for a PFA order against Appellant with respect to the girls, who are her daughters, and at the time of the order were 17 and 14 years old. Appellant is the girls' paternal grandfather. Mother sought the PFA order based on her belief that Appellant was sexually abusing the girls. The trial court convened a hearing on July 26, 2017. Mother was the only witness, and the record does not indicate why neither girl testified.

The trial court summarized the factual background on which it relied in as follows:

[Mother] testified that she filed the relevant PFA petition on behalf of her two children when she found a letter written by her elder daughter, A.H. At the time she discovered the letter, the minor children were on vacation with [Appellant] in Tennessee. [Mother] testified that the minor children had a very close relationship with [Appellant], who acted like a father figure to them. He would routinely provide things for the girls and take them on vacations. [Mother] stated that the letter described molestation by [Appellant] perpetuated upon [the elder daughter] while she was on vacation with [Appellant]. When [Mother] read the letter, she contacted the authorities and drove to Tennessee to pick the children up. She indicated to this [c]ourt that the letter is presently in the possession of the Federal Bureau of Investigation, but that she did read it herself and recollects what it recounted.

[Mother] also stated on cross-examination that [Appellant] had a history of controlling the girls, particularly the older child, A.H. He provided her with a cell phone which, [Mother] alleges, he used to monitor A.H.'s location. A.H. was uncomfortable with this and subsequently returned the phone to [Appellant]. [Appellant] presented no testimony during the course of the proceedings before this court, nor were any witnesses called on [Appellant's] behalf.

Trial Court Opinion, 11/9/17, at 1-2.

At the conclusion of the hearing, the trial court stated that "[h]aving heard the evidence that's been presented to this [c]ourt and the fact that it's been unrefuted, I'm going to issue the protection order for three years." N.T., 7/26/17, at 19. Appellant filed a notice of appeal on August 21, 2017. The trial court transmitted the record to this Court without ordering compliance with Pa.R.A.P. 1925. On October 17, 2017, this Court returned the record to the trial court for the filing of an opinion pursuant to Pa.R.A.P. 1925(a). The trial court entered an opinion on November 9, 2017.

On appeal, Appellant presents two issues for our review:

1. Whether the trial court erred as a matter of law or abused its discretion by admitting over the objection of counsel, the statements of teenagers which constituted hearsay and did not fall within any exception to hearsay?

2. Whether the trial court erred as a matter of law or abused its discretion by relying solely upon hearsay as substantive evidence to conclude that [Mother] presented sufficient evidence to sustain her burden of proof to warrant issuance of a final PFA order?

Appellant's Brief at 3.[1]

Because they are related, we address Appellant's issues together. Appellant argues that the trial court erred by overruling his objections to Mother's hearsay statements regarding the letter and admitting Mother's testimony about statements attributed to the girls in contravention of Pa.R.E. 801 and Pa.R.E. 801. Appellant additionally asserts that the trial court erred when it "accepted and utilized the statements as substantive evidence." Appellant's Brief at 8. Appellant claims that but for the erroneously admitted hearsay testimony, Mother could not have met her burden of proof to support the entry of the PFA order. *Id.*

Preliminarily, we recognize that "[t]he purpose of the [PFA act] is to protect victims of domestic violence from the perpetrators of that type of abuse and to prevent domestic violence from occurring." *Ferko-Fox v. Fox*, 68 A.3d 917, 921 (Pa. Super. 2013). The Act defines abuse:

---

[1] Mother, who is *pro se*, has not filed an appellee brief.

> **"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or person who share biological parenthood.
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
> (2) Placing another in reasonable fear of imminent serious bodily injury.
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).
> (4) Physically or sexually abusing minor children including such terms as defined in Chapter 63 (relating to child protective services).
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecution commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a). We review the propriety of a PFA order for an abuse of discretion or an error of law. *Ferko-Fox v. Fox*, 68 A.3d at 920.

Instantly, Appellant properly cites Pa.R.E. 801 for the definitions relevant to hearsay:

> **(a) Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.
> **(b) Declarant.** "Declarant" means the person who made the statement.
> **(c) Hearsay.** "Hearsay" means a statement that
> (1) the declarant does not make while testifying at the current trial or hearing; and
> (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

- 4 -

Pa.R.E. 801. In addition, Appellant cites Pa.R.E. 802, which provides for exceptions to the rule prohibiting the admission of hearsay. Appellant argues that Mother's hearsay testimony did not qualify for any of the exceptions, and that her statements attributed to the declarants – the girls – constituted "substantive evidence." Appellant's Brief at 11. Appellant states that "the trial court attempted to justify the acceptance of hearsay as something other than what it was." *Id.* at 10. We agree.

At the outset of the hearing, as Mother began her testimony with reference to the content of the letter she found from her older daughter, Appellant objected to "the hearsay nature of the letter itself and the best evidence rule." N.T., 7/26/17, at 4. The trial court did not immediately rule on Appellant's objection. The court asked Mother if she had the letter, and Mother responded that she did not, that the FBI was investigating the matter because of "so many places involved," and the FBI was in possession of the letter.[2] *Id.* at 4-5, 11, 18. Then, after Mother responded affirmatively to the trial court's questions about whether she had seen, read and discussed the letter with her older daughter, and Appellant's counsel renewed his hearsay objection, the trial court overruled the objection. *Id.* at 6-7. Appellant's counsel responded by asserting, "[this] is a 17-year-old daughter. I believe

_____

[2] Mother testified Appellant "has taken [the girls] on vacation since they were seven years old, to Disney World, so that's Florida, Tennessee, they've been to Delaware. Since there's many different places involved, not just one jurisdiction." N.T., 7/26/17, at 5.

she's able and competent to testify." *Id.* at 7. The court countered that "the information isn't offered for the truth or the certain. [sic] . . . So she's just telling the [c]ourt why she feels she believes she needs the protection order. I heard it and your objection is going to be overruled." *Id.* at 8.

Appellant's counsel proceeded to cross-examine Mother. Before Mother answered counsel's first question, the trial court stated, "The objection's going to be sustained to that . . . it's not relevant at this point. It's not relevant at all." *Id.* at 11. The court then addressed Mother, "Don't answer the question." During further cross-examination, Appellant's counsel asked:

> Q.                    And did you make that – did you say on March 7th that you were going to have [Appellant] charged with molestation?
>
> [Mother]        No, sir. The reason why we got into a –
>
> THE COURT:    You don't have to answer any further question.

*Id.* at 13-14. However, Appellant's counsel proceeded to question Mother until the trial court again interjected, "I'm not going to allow any further discussion because it's outside the scope. . . . Don't answer." *Id.* at 14-17.[3]

_____

[3] Although we understand and appreciate the trial court's efforts relative to Mother's *pro se* status, we note that PFA hearings are, as a matter of law, adversarial. *See Leshko v. Leshko,* 833 A.2d 790 (Pa. Super. 2003).

On this record, we conclude that the trial court erred by entering the final PFA order. In a similar case, we found that the trial court erred in permitting hearsay statements of the alleged victim, regarding alleged abuse, through testimony from a caseworker and therapist. *In K.D. by K.H.-D. v. J.D.*, 696 A.2d 232 (Pa. Super. 1997). In that case, the alleged victim's mother petitioned for the PFA order against the alleged victim's father. The mother asserted that the father had sexually abused the daughter, who was five years old, and did not testify. Unlike the present case, the young age of the alleged victim served as the basis for the trial court's decision to admit the hearsay statements under the Child Victims and Witnesses Act, 42 Pa.C.S.A. § 5981, which pertains to children who are 12 years of age or younger. On appeal, this Court determined that the statute applies only to criminal proceedings and reversed the trial court. We thus held that hearsay testimony alone was an insufficient basis on which to enter a final PFA order.

Likewise, the hearsay testimony in this case was insufficient to support the trial court's entry of the final PFA order against Appellant. The trial court concluded that Appellant's "challenge on appeal involves a matter of credibility," and that Mother was "credible and the evidence set forth was not refuted." Trial Court Opinion, 11/9/17, at 5. The trial court appears to address but also circumvent the admission of Mother's hearsay testimony concerning the content of the letter and what her older daughter told her regarding the alleged sexual abuse by Appellant. The trial court stated:

> [W]e overruled [Appellant's] hearsay objection on the basis that the evidence was not being introduced to prove the truth of the matter asserted, but rather to inform the court as to what [Mother's] understanding of the situation was and why she was taking the action she believed to be appropriate to protect her children.

Trial Court Opinion, 11/9/17, at 4. We are not persuaded by the trial court's rationale because, without more, the court cannot enter a PFA order based on its belief of Mother's unsubstantiated hearsay testimony. In actuality, the trial court's finding of abuse by Appellant was based on the alleged letter and statements of the older daughter, both of which were erroneously admitted because neither the letter nor the daughter was produced at the hearing. The content of the letter and the daughter's communication did in fact address the truth of the matter asserted – whether Appellant had sexually abused the girls. Aside from the hearsay, there was no other evidence to support the trial court's finding of abuse and entry of the PFA order.

With regard to sufficiency of the evidence in a PFA proceeding, we have explained:

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, the reviewing court must "view the evidence in the light most favorable to the verdict winner, granting her the benefit of all reasonable inferences." *Fonner v. Fonner*, 731 A.2d 160, 161–63 (Pa.Super.1999). The reviewing court then determines whether the evidence was sufficient to sustain the trial court's conclusions by a preponderance of the evidence. The preponderance of the evidence standard is "defined as the greater weight of the evidence, *i.e.,* to tip a scale slightly is the criteria or requirement for preponderance of the evidence." *Raker v. Raker*, 847 A.2d 720, 724 (Pa.Super.2004) (citation omitted).

***Mescanti v. Mescanti***, 956 A.2d 1017, 1020 (Pa. Super. 2008).

Here, in the absence of Mother's hearsay testimony, the evidence of record is insufficient to support a finding that Appellant abused the girls by a preponderance of the evidence. We are thus compelled to reverse the final PFA order entered by the trial court.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/25/2018