J-A22003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIN NEWELL AND ON BEHALF OF MINOR CHILD RY.N. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| CHRISTOPHER NEWELL | : : | No. 210 WDA 2022 |
| Appellant | : | |

Appeal from the Order Dated January 18, 2022
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-13-000438

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 18, 2022**

Appellant, Christopher Newell (Father), appeals *pro se* from the January 18, 2022 entry of a final order disposing of a Protection from Abuse Act (PFA) petition filed by Erin Newell (Mother) in her own right and on behalf of the parties' five-year-old daughter, Ry.N. (Child).  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On May 4, 2021, Mother filed a PFA petition against Father.  The court granted [a] temporary PFA [order] and a final hearing was scheduled for May 12, 2021.  At the May 12, 2021 hearing [] the parties entered into a consent agreement and [an] order for [the] expiration of [the] temporary PFA order which included language that Father shall not "abuse, stalk, threaten, or attempt or threaten to use physical force against [Mother] … in any place where she might be found…"  Further, there was language in the consent order that prohibited the parties from having any contact

---

[*] Retired Senior Judge assigned to the Superior Court.

or communication with each other, directly or indirectly, except for custody purposes.  Pursuant to the order, Father was allowed to call or text Mother for custody purposes only.

Mother filed an emergency petition for special relief alleging that Father repeatedly violated the terms of the May 12, 2021 order, by sending threatening text messages and stalking her.  Mother's attorney raised [these facts on November 1, 2021 during a final PFA hearing relating to a separate petition filed on behalf of the parties' two children.[1]]  Father admitted on the record to throwing a cast iron pan at Mother[, which] was one of the allegations in the May 4, 2021 PFA.  Mother requested that Father be held in contempt for violating the May 12, 2021 consent order and that the court order a final PFA.

On January 4, 2022, Mother obtained a temporary PFA order on her behalf and on behalf of [] Ry.N.  The date, time and location of the final hearing was included in the temporary order.  Mother, and her attorney, appeared for the January 18, 202[2] final hearing.  Father was not present when the case was called, despite having been served with the petition and notice of the hearing more than once.  The final PFA was entered by default due to Father's failure to appear.  No record was made of the proceeding as no hearing was held.  Father was not granted partial custody.  Custody was to be reintroduced in a therapeutic setting after Father [attended counseling and] completed his drug and alcohol evaluation with Dr. Paul Herman.

Father filed a motion requesting a new PFA hearing.  Father alleged that he was in the defendant waiting area since 9:00 a.m. [on the day of the final hearing] and he was not aware that he needed to check in [with courtroom personnel].  He further alleged he was in the bathroom and did not hear the intercom system page his name.  Mother's attorney filed a response noting that Father is "no stranger to the PFA actions filed by Mother…."  Mother's attorney requested counsel fees[.]  On January 24, 2022,

---

[1] "The parties are the natural parents to two children.  The second child (Re.N.) is nine (9) years old and Father is to have no contact with her pursuant to [a] November 2, 2021 [f]inal PFA."  Trial Court Opinion, 4/18/2022, at 1 n.1.  Re.N. is not the subject of the PFA order at issue.

both requests were denied by order of court. Father filed a timely
[*pro se*] appeal to the final PFA order.[2]

Trial Court Opinion, 4/18/2022, at 3-5 (unnecessary capitalization, original

brackets, and original footnote omitted).

Initially, we note that Father's *pro se* brief to this Court is woefully

undeveloped. This Court has previously determined:

> [A]ppellate briefs and reproduced records must materially
> conform to the requirements of the Pennsylvania Rules of
> Appellate Procedure. Pa.R.A.P. 2101.
>
> This Court may quash or dismiss an appeal if the appellant fails to
> conform to the requirements set forth in the Pennsylvania Rules
> of Appellate Procedure. ***Id.***; ***Commonwealth v. Lyons***, 833 A.2d
> 245 (Pa. Super. 2003). Although this Court is willing to liberally
> construe materials filed by a *pro se* litigant, *pro se* status confers
> no special benefit upon the appellant. ***Id.*** at 252. To the contrary,
> any person choosing to represent himself in a legal proceeding
> must, to a reasonable extent, assume that his lack of expertise
> and legal training will be his undoing. ***Commonwealth v.***
> ***Rivera***, 685 A.2d 1011 (Pa. Super. 1996).
>
> The Pennsylvania Rules of Appellate Procedure provide guidelines
> regarding the required content of an appellate brief as follows:
>
> > Rule 2111. Brief of the Appellant
> >
> > (a) General Rule. The brief of the appellant, except as
> > otherwise prescribed by these rules, **shall** consist of the

---

[2] Father filed a *pro se* notice of appeal on February 17, 2022. On February 23, 2022, the trial court issued an order directing Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Father complied timely on March 25, 2022. On April 18, 2022, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). This case was scheduled for oral argument to be held on September 20, 2022 before this Court. Father retained counsel who, on September 19, 2022, filed an emergency motion to continue the matter and an application to file supplemental briefs with this Court. In separate *per curiam* orders dated September 20, 2022, this Court denied all relief and, by agreement of the parties, the case was submitted for decision on the parties' briefs.

following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Statement of both the scope of review and the standard of review.

(3) Order or other determination in question.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for the appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)-(10) (emphasis added). Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114-2119.

***Commonwealth v. Adams***, 882 A.2d 496, 497–498 (Pa. Super. 2005).

Here, Father's brief consists of two sections. The first section incorporates the statement of the case with a summary of Father's appellate argument. The second section is Father's conclusion. Father, however, failed to include a statement of jurisdiction, statement of questions involved, or a copy of the Rule 1925(b) concise statement. Moreover, Father's brief contains no citations to authority and makes no specific reference to the certified record. *See* Pa.R.A.P. 2119(b)-(c). On these bases, we could quash or

dismiss Father's appeal for failing to comply with our Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. Despite the defects, however, we will address the merits of Father's claims.

Essentially, Father argues that the trial court erred by entering a default final PFA order against him. Father claims that he arrived for the PFA hearing at the designated time "and waited in the defendant waiting area until 10:30 a.m., only leaving the area for less than two minutes to use the bathroom." Father's *Pro Se* Brief at *2.[3] Father claims that court officers directed him to sit in the waiting room, he did not hear his name being paged, and was unaware that he had to check-in. *Id.* Father asserts that it was not until he saw Mother and her attorney leaving that "he ask[ed] the court clerk if the hearing was rescheduled" and was told that the hearing had taken place without him and the trial court had entered a default PFA order. *Id.* at 2-3. Father maintains that the trial court erred when it found he was "familiar with how PFA proceedings work" because all of Father's previous PFA hearings were "online video conference meetings" and "[t]he hearing on January 18, 2022 was the first [hearing at which physical attendance was required]." *Id.* at 3. Father also disputes the trial court's finding that Father's name had been paged over an intercom system, claiming the court clerk confirmed that "she paged him verbally once." *Id.* at 2. Finally, Appellant argues that Mother clearly abused the legal system and that his "request for appeal is simply to

_____

[3] Father's *pro se* brief is not paginated. As such, we have supplied page numbers, not including the cover page.

disprove [Mother's] false allegations of child abuse [and] drug and alcohol use[.]" *Id.* at 3-4.

We employ the following standard of review:

In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse.

*K.B. v. Tinsley*, 208 A.3d 123, 127 (Pa. Super. 2019) (internal citations and quotations omitted).

Moreover,

[a] question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary. Due process requires that the litigants receive notice of the issues before the court and an opportunity to present their case in relation to those issues. It is well settled that procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.

*Int. of S.L.*, 202 A.3d 723, 729 (Pa. Super. 2019) (internal citations and quotations omitted); *see also Leshko v. Leshko*, 833 A.2d 790, 791 (Pa. Super. 2003) (original brackets omitted) (in reviewing due process challenges, this Court has "held that a defendant has been afforded due process where the appellant was entitled to present witnesses in his own defense and to cross-examine witnesses including the petitioner"). "Due process requires only that a party be provided an opportunity to be heard; it does not confer

an absolute right to be heard." ***Captline v. County of Allegheny***, 718 A.2d 273, 275 (Pa. 1998) (citations omitted).

In this case, there is no dispute that Father had notice of the final PFA hearing because he avers that he was present at the time and location of the hearing. Moreover, Father was given the opportunity to be heard, the chance to defend himself, and was entitled to present witnesses and cross-examine Mother at the scheduled hearing, but he did not avail himself of that opportunity. The trial court noted that "Father **did** appear on November 2, 2021 for a hearing" before the same court "in which a [f]inal PFA [o]rder was entered against Father on behalf of his older daughter[.]" Trial Court Opinion, 4/18/2022, at 11 (emphasis in original). As such, we reject Father's suggestion that he was not familiar with the trial court's procedures for calling and holding in-person final PFA hearings. The trial court further determined that "Father is experienced enough with PFA proceedings as a *pro se* litigant to have asked a court staff member about the status of the hearing, rather than sitting and waiting to use the bathroom during the time that cases are usually disposed of." ***Id.*** at 12. The trial court questioned whether Father was present and ultimately concluded that "Father's reasons for not appearing at the final PFA hearing [were unpersuasive]." ***Id.*** Regarding PFAs, "we must defer to the [factual and] credibility determinations of the trial court." ***Custer v. Cochran***, 933 A.2d 1050, 1058 (Pa. Super. 2007) (*en banc*) (citation omitted). Here, under the facts relied upon by the trial court, Father did not have an absolute right to be heard and did not properly avail himself of the

opportunity provided. Accordingly, we discern no due process violation and Father is not entitled to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022