**Barbie LANZA, Appellant**

v.

**Robert SIMCONIS, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 19, 2006.

Filed Dec. 19, 2006.

Jonette M. Joseph, Pittsburgh, for appellant.

Robert Simconis, appellee, pro se.

BEFORE: STEVENS, TODD, and McCAFFERY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the January 10, 2006 order entered in the Court of Common Pleas of Allegheny County denying Appellant Barbie Lanza's petition for a temporary protection from abuse (PFA) order against Appellee Robert Simconis. Appellant contends (1) the trial court erred when it failed to hold a final hearing on Appellant's petition in accordance with 23 Pa.C.S.A. § 6107(a); (2) the trial court erred in holding Appellant to an improper standard in determining Appellant's petition for temporary protection; and (3) the trial court erred in failing to grant Appellant's petition for a temporary PFA order. We vacate the trial court's order and remand for further proceedings consistent with this decision.

¶ 2 The relevant facts and procedural history are as follows: Appellant filed a *pro se* petition seeking a temporary PFA order against Appellee. In the petition,

Appellant alleged she and Appellee lived together with their child, S.S. Appellant further alleged that, on January 6, 2006, when she and Appellee were arguing, Appellee ripped the telephone out of the wall, grabbed Appellant's arm, and twisted the telephone out of her hands. Appellee allegedly pushed Appellant against the wall and stated, "If the cops come to this house, I'm going to kill you." When the police arrived, Appellee allegedly removed the parties' son from Appellant's arms, called Appellant "filthy names," and pushed Appellant onto the couch.

¶ 3 On January 10, 2006, Appellant appeared *pro se* before the trial court, as did Appellee who sought to contest the petition. The trial court permitted both *pro se* parties to present their version of events in a back-and-forth narrative fashion. Specifically, during the hearing, Appellant indicated that on January 6, 2006, Appellee pushed her against a wall and stated, "If the cops come to this house, I'm going to kill you." N.T. 1/10/06 at 3. Appellee denied making the threat. N.T. 1/10/06 at 4. Appellee testified he told Appellant, "You bring the cops here, they're either going to kick me out, and I don't want [my child] in with you...." N.T. 1/10/06 at 4. Appellant indicated that, before she could get a PFA order regarding the January 6, 2006 incident, Appellee served her with an emergency PFA order, which expired on January 9, 2006, relating to the incident. N.T. 1/10/06 at 4–5. Appellee testified he secured an emergency PFA order against Appellant because Appellant's friends were threatening him and Appellant would abandon him and their son for long periods of time. N.T. 1/10/06 at 8. Appellant informed the trial court that Appellee was in jail previously because he attempted to run over Appellant when she was six months pregnant. N.T. 1/10/06 at 9. Appellant subsequently indicated that Appellee was not convicted

when he attempted to run over Appellant because Appellant "let the matter drop." N.T. 1/10/06 at 14–15. Appellee denied the allegation but admitted he was convicted of disorderly conduct around that time period. N.T. 1/10/06 at 11. Appellee denied ever striking Appellant and said he never threatened to kill her. N.T. 1/10/06 at 12. Appellee testified that he raised the parties' son during the last two years and Appellant was not a part of his life. N.T. 1/10/06 at 10. Appellee denied that he ever told Appellant that she would die if she continued to "keep this up." N.T. 1/10/06 at 12. Appellant indicated that such a threat was made via the telephone and, although the caller never identified himself, she recognized Appellee's voice. N.T. 1/10/06 at 13. Appellant further told the trial court that, approximately one year ago, Appellee fractured Appellant's thumb, threatened to kill Appellant, and threatened to kidnap the parties' son. N.T. 1/10/06 at 14. Appellant testified that, every time Appellee drinks alcohol, he pushes Appellant and yells at her. N.T. 1/10/06 at 15.

¶ 4 At the conclusion of the hearing, the trial court informed the parties that it was going to deny Appellant's petition for a temporary PFA order. N.T. 1/10/06 at 18. The trial court indicated that the parties' testimony was in conflict and the court was unable to resolve which party was lying to the court. N.T. 1/10/06 at 18. Specifically, the trial court stated the following:

> One of the two of you is violating your oath and lying. It's not possible for me to decide at this time which one of you is lying.... I'm going to deny this petition, because it's 50/50. I can't decide which of you is a liar. So I'm denying this, but you're both going to have to—you're both going to have to realize you have a child here, and you're both going to have to refrain from violence or threats of

violence, and certainly the court remains open to any petition brought by either of you in the future.

N.T. 1/10/06 at 17–18.

¶ 5 The trial court subsequently entered an order indicating "[The petition is] denied. Defendant present in court. Testimony in conflict. Court unable to resolve issue of which one is lying." Appellant filed a timely, counseled notice of appeal to this Court.[1] On February 13, 2006, the trial court ordered Appellant to file a statement pursuant to Pa.R.A.P.1925(b), and Appellant filed a timely statement on February 22, 2006. The trial court subsequently filed a Pa.R.A.P.1925(a) opinion.[2]

¶ 6 Appellant's first claim is that the trial court failed to schedule and hold a proper evidentiary hearing within ten days of Appellant filing her petition in accordance with 23 Pa.C.S.A. § 6107.[3] Appellant specifically argues the trial court's January 10, 2006 hearing did not comport with due process, and therefore did not constitute a final hearing under Section 6107, since Appellant was not given an opportunity to appear with counsel, submit evidence and witnesses in support of her allegations, and cross-examine Appellee. We agree with Appellant's contention.

¶ 7 "In the context of a PFA order, we review the trial court's legal conclu-

sions for an error of law or abuse of discretion." *Drew v. Drew,* 870 A.2d 377, 378 (Pa.Super.2005) (quotation marks and quotation omitted).

¶ 8 "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Kelly v. Mueller,* 861 A.2d 984, 990 (Pa.Super.2004), *appeal granted in part,* 584 Pa. 543, 886 A.2d 224 (2005) (quotation marks and quotation omitted). 23 Pa.C.S.A. § 6107 provides, in relevant part, the following regarding the process which is due in the context of PFA orders:

§ 6107. **Hearings.**

(a) **General rule.**-Within ten days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel, and of the fact that any protection order granted by a court may be considered in any subsequent proceedings under this title....

(b) **Temporary orders.**-If a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the

---

1. We note that post-trial motions are not required to preserve issues in appeals from the grant or denial of a PFA order. *See Kelly v. Mueller,* 861 A.2d 984 (Pa.Super.2004), *appeal granted in part,* 584 Pa. 543, 886 A.2d 224 (2005); Pa.R.Civ.P.1930.2.

2. Appellee has not filed a brief in this matter.

3. In her appellate brief, citing to 23 Pa.C.S.A. § 6107(b), Appellant argues the trial court was required to initially hold an *ex parte* proceeding regarding Appellant's request for a temporary PFA order, and, therefore, the trial court should not have permitted Appellee to

be present and/or participate at the January 10, 2006 hearing. We find this specific issue to be waived. As indicated, the trial court ordered Appellant to file a Pa.R.A.P.1925(b) statement, and Appellant did so. However, therein, she did not specifically contend that the trial court erred in failing to initially hold an *ex parte* proceeding, thereby excluding Appellee. As such, the issue has been waived. *See Commonwealth v. Flores,* 909 A.2d 387 (Pa.Super.2006) (omission of a specific issue in a court-ordered Pa.R.A.P.1925(b) statement will result in waiver of claim); Pa.R.A.P. 1925(b).

plaintiff or minor children, the court shall conduct an ex parte proceeding. The court may enter such a temporary order as it deems necessary to protect the plaintiff or minor children when it finds they are in immediate and present danger of abuse. The order shall remain in effect until modified or terminated by the court after notice and hearing. . . .

23 Pa.C.S.A. § 6107(a), (b) (emphasis in original).[4]

¶ 9 In interpreting Section 6107, this Court has held that the word "shall" in Section 6107(a) mandates that a final evidentiary hearing must be conducted within ten days. *Drew v. Drew*, 870 A.2d 377 (Pa.Super.2005); *Burke v. Bauman*, 814 A.2d 206 (Pa.Super.2002). In the case *sub judice*, while the trial court held a hearing on January 10, 2006, it is clear that such did not comport with the necessary requirements of a hearing under Subsection 6107(a).

¶ 10 For example, Appellant appeared at the January 10, 2006 hearing with the belief that such was going to be conducted pursuant to Section 6107(b), regarding *ex parte* petitions for temporary orders. At such a hearing, in order to secure a temporary PFA order, a petitioner's burden of proof is to convince the court that he or she is in "immediate and present danger of abuse." *Drew, supra.* Here, since Appellee appeared unexpectedly, the trial court apparently decided to hold a hearing pursuant to Section 6107(a), regarding final evidentiary hearings.[5] "Section 6107(a) requires that a hearing be

conducted at which time the petitioner must prove the allegation of abuse by a *preponderance* of the evidence." *Drew,* 870 A.2d at 378 (emphasis in original). In determining whether a hearing pursuant to Section 6107(a) comports with due process, this Court has held that the parties must, at a minimum, have the opportunity to present witnesses, testify on one's behalf, and cross-examine the opposing party and his/her witnesses. *See Drew, supra; Leshko v. Leshko*, 833 A.2d 790 (Pa.Super.2003).

¶ 11 In the case *sub judice*, a review of the January 10, 2006 transcript reveals Appellant, who was not represented by counsel, was not given an opportunity to submit witnesses in support of her allegation of abuse and did not cross-examine Appellee. Instead, the trial court conducted the hearing in a narrative fashion with the parties explaining and then denying the accusations being made against them. At the conclusion of the hearing, the trial court denied Appellant's petition because it could not determine which party was being truthful. Considering the limited testimony and the back and forth repartee, it is no wonder the trial court was unable to determine the credibility of the parties.

¶ 12 In light of the foregoing, we conclude the trial court erred by denying Appellant a proper evidentiary hearing under Section 6107(a) before denying her petition. We, therefore, vacate the trial court's January 10, 2006 order and remand for proceedings consistent with this deci-

4. Section 6107 was amended, effective May 9, 2006. However, the amendments are not applicable to the case *sub judice*.

5. Since Appellant has not preserved her claim regarding whether a trial court is required to hold an initial, *ex parte* hearing regarding a request for a temporary PFA order, we de-

cline to address whether, under some circumstances, a trial court may hold a final hearing comporting with Section 6107(a) and due process in the absence of giving a plaintiff an opportunity at an *ex parte* hearing to prove "immediate and present danger of abuse."

sion.[6]

¶ 13 Order Vacated; Case Remanded; Jurisdiction Relinquished.

¶ 14 TODD, J. CONCURS IN RESULT.

**In re R.F.**

6. In light of our disposition of Appellant's first issue, an analysis of Appellant's second and third issues is unnecessary.