J-S04001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.D. ON BEHALF OF: K.L.P., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E.A.C., | |
| Appellant | No. 2544 EDA 2016 |

Appeal from the Order Dated June 13, 2016
In the Court of Common Pleas of Monroe County
Civil Division at No(s): No. 3810 CV 2016, No. 1184 DR 2013

BEFORE:  SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 23, 2017**

E.A.C. ("Appellant") appeals from the order entered on June 13, 2016, that granted the petition filed by J.D. ("Mother") under the Protection from Abuse ("PFA") Act, 23 Pa.C.S. §§ 6101–6122, on behalf of her daughter, K.L.P., a/k/a K.P., who was born in January of 2001.  We affirm.

The trial court set forth the factual background and procedural history of this matter as follows:

> [Mother] and [Appellant] were paramours living together [in]. . . Stroudsburg, Pennsylvania 18360.  They have three (3) children together.  [Mother] also has two (2) daughters from another relationship, that includes K.P., who lived with [Mother] and [Appellant]. The Petition claimed that [Appellant] sexually assaulted (touched) K.P.  A hearing on the Petition was held on June 13, 2016.  Following a hearing in the matter, [the trial

---

[*]  Former Justice specially assigned to the Superior Court.

court] granted a final Order for Protection for a period of one year. The order prohibits contact with K.P., excludes and evicts [Appellant] from the residence . . . where K.P. and the other children were residing with [Mother] and [Appellant], and award[s] temporary legal and physical custody of the three minor children of [Mother] and [Appellant] to [Mother] pending further order in custody court.

Trial Court Opinion, 8/4/16, at 1–2.

Appellant timely filed an appeal from the PFA order on July 12, 2016, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On appeal, Appellant raises the following issues for our consideration:

[1.] Whether it was reasonable for the trial court to infer Appellant touched a sexual or intimate part of the alleged victim for the purpose of arousing or gratifying his sexual desire[?]

[2.] Whether, under the circumstances, an ORDER excluding Appellant from his home for one year, resulting in custody and support penalties, was warranted[?]

[3.] Whether application of the PFAA's preponderance of the evidence standard violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article I, Sections I and XIII of the Constitution of the Commonwealth of Pennsylvania in depriving Appellant of life and property without sufficient due process of law and by the imposition of excessive penalties[?]

Appellant's Brief at 3.[1]

_____

[1] Appellant's brief fails to conform to Pa.R.A.P. 124 in that the lettering is "smaller than 14 point in the text and 12 point in footnotes." Additionally, Appellant's brief violates Pa.R.A.P. 2119(b) because the argument is not divided into as many parts as there are questions to be argued, and it does not have at the head of each part--in distinctive type or in type distinctively

*(Footnote Continued Next Page)*

Appellant first challenges the sufficiency of the evidence of abuse supporting the trial court's PFA order. Appellant's Brief at 8. Upon review, we conclude that this issue lacks merit.

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Lanza v. Simconis*, 914 A.2d 902, 905 (Pa. Super. 2006). "When faced with a sufficiency challenge under the [PFA Act], we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence." *Custer v. Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007) (*en banc*) (citing *Hood-O'Hara v. Wills*, 873 A.2d 757, 760 (Pa. Super. 2005)). "The preponderance of evidence standard is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteri[on] or requirement for preponderance of the evidence." *Ferri v. Ferri*, 854 A.2d 600, 603 (Pa. Super. 2004) (internal citations and quotations marks omitted). "[W]e must defer to the credibility determinations of the trial court." *Custer*, 933 A.2d at 1058.

"The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

displayed--the particular point treated therein. However, these violations do not impede our review.

prevention of physical and sexual abuse." ***Mescanti v. Mescanti***, 956 A.2d 1017, 1022 (Pa. Super. 2008) (quoting ***Custer***, 933 A.2d at 1054 (citation omitted)). "The victim of abuse need not suffer actual injury, but rather be in reasonable fear of imminent serious bodily injury." ***Burke v. Bauman***, 814 A.2d 206, 208–209 (Pa. Super. 2002).

The PFA Act defines "abuse," in relevant part, as:

The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

\* \* \*

(4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

23 Pa.C.S. § 6102(a). The Pennsylvania Crimes Code defines the crime of indecent assault, in relevant part, as follows:

**(a)  Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1)  the person does so without the complainant's consent;

\* \* \*

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

\* \* \*

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3126(a)(1), (4), and (8). Indecent contact is defined as: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Here, the trial court concluded the evidence of abuse was sufficient to warrant the imposition of a PFA order:

> There was sufficient evidence to grant the order for protection. The statute defines abuse as "attempting to cause, or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon." 23 Pa.C.S.A. §6102. Abuse is also defined as placing another in a reasonable fear of imminent serious bodily injury and/or physically or sexually abusing minor children, including such terms as defined in chapter 63 (relating to child protective services). *Id.* The standard of proof is a preponderance of the evidence. 23 Pa.C.S.A. §6107.

> The testimony of K.P. at the hearing in this matter was that she woke up at 3:00 or 4:00 in the morning because [Appellant] was touching her. K.P. went on to describe that the touching was in her lower area, below the waist. [Appellant] was doing the touching with his hand. [Appellant] then jumped back when K.P. woke up and he looked out the window, before covering her back up with a blanket and leaving the room. K.P. then told [Mother] about the incident later that morning when

[Mother] drove her to school. [Mother] testified her daughter told her the same thing that she testified to in Court, only in more graphic detail.

We found this was sufficient to constitute abuse under the statute warranting an Order for protection. K.P. was credible and consistent in her testimony. [Mother] was also credible and consistent. K.P.'s testimony was convincing that she had been the victim of an assault under 23 Pa. C.S.A. §6101 et seq. The actions described by K.P. constitute physical or sexual abuse under the statute, and there does not have to be a showing of specific sexual acts as defined by the Crimes Code. K.P. described an unwanted touching of her body while she was sleeping, in the early morning hours. There was no reason for [Appellant] to be in the minor child's bedroom at 3:00 a.m., nor any reason to be touching her.

Even if the act must fall under the Crimes Code under these circumstances, the testimony of K.P. was sufficient to show she was the victim of indecent assault by [Appellant] by a preponderance of the evidence. An adult touching a 15 year old below the waist, at three or four in the morning, while she was asleep, constitutes indecent contact. K.P.'s level of description was sufficient to constitute indecent assault. In either case, the testimony was sufficient to support the entry of an Order for Protection from Abuse.

Trial Court Opinion, 8/4/16, at 2–3; N.T., 6/13/16, at 25.

After reviewing the evidence in the light most favorable to K.L.P., granting her the benefit of all reasonable inferences, and deferring to the trial court's credibility determinations, we find that the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. N.T., 6/13/16, at 5–23; *Custer*, 933 A.2d at 1058. In doing so, we adopt as our own the well-reasoned analysis of the trial court set forth above.

Appellant's second issue is that the trial court abused its discretion in excluding him from the home, prohibiting his contact with the other children, and awarding temporary custody of his three children to Mother. Appellant's Brief at 3. This issue is waived.

Pa.R.A.P. 2119(b) requires each section of argument to include such discussion and citation of authorities as are deemed pertinent. Appellant has not included any discussion or citation of authorities in defense of his second issue.[2]

Finally, Appellant challenges the constitutionality of the standard of proof for a PFA complaint—a preponderance of the evidence—set forth in 23 Pa.C.S. § 6107. Appellant's Brief at 7–9. Appellant asserts that the issue is one of first impression. *Id.* at 9.

---

[2] Even if not waived, Appellant's second issue lacks merit. A PFA court has the statutory authority (1) to evict and exclude a person from a residence shared with the victim, 23 Pa.C.S. § 6108(a)(2); (2) to prohibit contact between the abuser and the victim, *id.* at § 6108(a)(4)(iii)(B); and (3) to enter a temporary custody order with regard to minor children, *id.* at § 6108(a)(4).

Here, the PFA court evicted Appellant from the family home and prohibited his contact with Mother and K.L.P. only; it did not prohibit contact with his three biological children. Order, 6/13/16, at §§ 3, 4; 23 Pa.C.S. § 6108(a)(2), (a)(4)(iii)(B). Additionally, the trial court entered a temporary custody order granting sole legal and physical custody of Appellant's biological children to Mother pending a court order through a custody complaint. Order, 6/13/16, at ¶ 5; 23 Pa.C.S. § 6108(a)(4). Under the PFA order, Appellant may seek a change in that temporary custody provision through the custody court. 23 Pa.C.S. § 5338(a).

Our consideration of this issue is guided by Pennsylvania Rule of Appellate Procedure 521, which provides as follows:

> It shall be the duty of a party who draws in question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, and to file proof of service of such notice.

Pa.R.A.P. 521(a). Pursuant to Pa.R.A.P. 521(a), a party has the duty to notify the Attorney General of a constitutional challenge to a statute in any matter in an appellate court to which the Commonwealth is not a party. **Commonwealth v. Miller**, 80 A.3d 806, 811 n.3 (Pa. Super. 2013); **In re A.H.**, 763 A.2d 873, 880 (Pa. Super. 2000). "Failure to do so results in waiver of the claim." **In the Interest of J.Y.**, 754 A.2d 5, 11 (Pa. Super. 2000).

Although Appellant raised his constitutional challenge to section 6107 in the trial court, the trial court declined to address the issue. Trial Court Opinion, 8/4/16, at 4. More importantly, however, the Commonwealth of Pennsylvania is not a party to this action, and Appellant has not included any evidence in the record that he notified the Attorney General's Office of his constitutional challenge to the standard of proof set forth in 23 Pa.C.S. § 6107. Thus, this issue is also waived. **Interest of J.Y.**, 754 A.2d at 11.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2017