J-A08006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAWN M. YOUNG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY P. YOUNG | : | |
| | : | |
| Appellant | : | No. 1087 WDA 2021 |

Appeal from the Order Entered August 16, 2021
In the Court of Common Pleas of Butler County Domestic Relations at
No(s):  F.C. No. 21-90468-A

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: APRIL 29, 2022**

Appellant, Gregory P. Young, appeals from the trial court's August 16, 2021 order, entered pursuant to the Protection From Abuse (PFA) Act, 23 Pa.C.S. §§ 6101-6122, that granted the petition filed by Appellee, Dawn M. Young.[1]  Appellant contends that the court violated his due process rights by granting the petition based on allegations of abuse not included therein, which deprived him of fair notice and the opportunity to defend himself.  After careful review, we affirm.

The trial court set forth the facts and procedural history of this case, as follows:

---

[1] We note that the trial court entered an initial PFA order on August 10, 2021. However, on August 16, 2021, the court amended that final order "to remove a provision in [the original order] regarding the return of [Appellee's] dog." Trial Court Opinion (TCO), 10/22/21, at 1 n.1.

[Appellee's] PFA Petition was filed on August 2, 2021.  Within the Petition, [Appellee] describe[d] the most recent incident of abuse, occurring August 1, 2021, as follows:

> The abuser is my ex-husband.  I believe the abuser was under the influence during the incident because he is using crack really bad again and he smokes weed everyday [*sic*] in the garage.  During the incident he made several Facebook messages threatening me.  He called me day and night until 1:00 and 2:00 a.m.  Then will start back up with calls at 5:00 and 6:00 a.m.  He was driving past my Uncles [*sic*] yesterday.

PFA Petition, 8/2/21, at 2.

Also within the Petition, [Appellee] assert[ed] prior incidents of abuse by [Appellant], as follows:

> He has physically abused me and raped me.  It has been ongoing sexual and mental abuse as well.  This started all the way back when I was 15 years old [and] he raped me.  He raped and beat me repeatedly over the years until I decided to try to kill myself because I could not take the abuse any longer.  I left the state for years to get away from him.  I moved back in 2017 for my grand[]babies.  He convinced me to co-parent to help our daughter get off drugs.  Since I agreed[,] he punched me, [and] sexual[ly] assaulted me several times.  He has choked me, twisted my arms and legs and [I] had to leave several times in fear for my life over the last two years.  He has physically hurt me and left marks over 100 times.

PFA Petition, 8/2/21, at 2.

On August 2, 2021, [Appellee] presented testimony during an *ex parte* hearing regarding the alleged abuse.  [Appellee's] request for a temporary PFA Order was granted.  [A f]inal hearing on [Appellee's] Petition was held August 10, 2021.  The following individuals testified: [Appellee]…; [Appellant's] co-worker, Charles Biedenbach; Mr. Biedenbach's son, Joshua Space; [and] the parties' adult daughter, Ashley Young.  [Appellant] appeared[] but did not testify.

During the final hearing, [Appellee] testified that [Appellant] is the father of their two adult children.  N.T., 8/10/21, at 4.  The parties were formerly married and are now divorced.  ***Id.***  [Appellee]

testified [that] she filed several prior PFA Petitions against [Appellant]. ***Id.*** Eventually, she moved out of state to get away from [Appellant] due to his harassing behavior. ***Id.*** In 2019, [Appellee] moved back into [Appellant's] residence to help address their daughter's drug problems. [***Id.***] at 6-8.

[Appellee] testified that three (3) months after she moved back in with [Appellant,] an incident occurred where [Appellant] "grabbed [her] by the leg and yanked [her] down. And then he started hitting [her] and punching [her] in the face." [***Id.***] at 8. [Appellee] also described a different incident less than a year before filing the current Petition. [Appellee] claims [Appellant] approached her early in the morning while she was sleeping and "just started punching and hitting [her]…[.] He started calling [her] a ditch bitch…[.] He said, 'You dig a ditch and you put the bitch in.'" [***Id.***] at 9. [Appellee] testified she considered [Appellant's] statement a threat. ***Id.***

[Appellee] further testified regarding other occasions of abuse since she moved back in with [Appellant]: "And every time I would say that I don't want a relationship with him, we are there co-parenting, he would get mad and he would become physically violent toward me. He would choke me. He would hit me." [***Id.***]

[Appellee] was asked on direct[-]examination if she is afraid of [Appellant], and she responded: "Yes, most definitely. He has people following me. He follows me. Like, I'm sitting up here shaking. He has threatened me if I ever leave him he is going to hurt me, hurt anybody that is around me or near me or in contact with me." [***Id.***] at 10.

[Appellee] further testified regarding an incident that occurred in March 2021. [***Id.***] at 11-12. [Appellee] allege[d] that [Appellant] shoved her over a chair and injured her legs. ***Id.***

Trial Court Opinion (TCO), 10/22/21, at 1-3 (footnote omitted).

Based on this testimony, the court made the following findings of fact and credibility determinations:

The [c]ourt found the March 2021 injuries sustained by [Appellee] were not caused by [Appellant]. N.T. at 49.

Upon consideration of the testimony presented, the [c]ourt found there has been abuse throughout the parties' history. [***Id.***]….

Specifically, the [c]ourt found [Appellee's] testimony credible regarding the incident that occurred less than a year before [Appellee] filed the instant Petition, when [Appellant] approached [Appellee] while she was sleeping and attacked her. *Id.* The [c]ourt drew a negative inference because [Appellant] did not testify. *Id.* *See Sawko v. Sawko*, 625 A.2d 692, 694 (Pa. Super. 1993[)] ([stating that an] "inference could be derived by action or nonaction of one of the parties").

*Id.* at 3-4. Accordingly, "the [c]ourt granted [Appellee's] Petition and entered a final PFA Order for a period of one (1) year." *Id.* at 4.

Appellant filed a timely notice of appeal. He also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, although an order directing him to do so does not appear to have been issued by the trial court. On October 22, 2021, the court filed a Rule 1925(a) opinion. Herein, Appellant states one issue for our review:

1. Did the trial court … violate [Appellant's] due process rights by granting [Appellee's] [PFA] Petition based on allegations not included in the Petition, and thus not providing [Appellant with] fair notice of the allegations against him?

Appellant's Brief at 6.

Initially, we observe that "[o]ur standard of review for PFA orders is well-settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *C.H.L. v. W.D.L.*, 214 A.3d 1272, 1276 (Pa. Super. 2019) (citing *Boykai v. Young*, 83 A.3d 1043, 1045 (Pa. Super. 2014)). Additionally, "[i]n reviewing the validity of a PFA order, this Court must view the evidence in the light most favorable to petitioner and grant[] her the benefit of all reasonable inferences." *Id.* at 1276-77 (citing *S.W. v. S.F.*, 196 A.3d 224, 228 (Pa. Super. 2018) (citation

omitted)). "And we must defer to the lower court's determination of the credibility of witnesses at the hearing." **Id.** at 1277 (citing **S.W.**, 196 A.3d at 228).

In the instant case, Appellant argues that in entering the final PFA order, the trial court erroneously relied on evidence and testimony that was outside the scope of Appellee's PFA petition, thereby violating Appellant's due process rights. Specifically, Appellant claims that "Appellee's August 2, 2021 Petition [was] silent on any allegation regarding her legs being broken, about Appellant['s] drinking too much Tequila, that she was sleeping when Appellant started hitting her, [and] that Appellant called her a 'ditch bitch, [and] said to her that you dig a ditch, put the bitch in.'" Appellant's Brief at 11. Nevertheless, the court cited Appellee's testimony in this regard in granting her Petition for a PFA order against Appellant. **See id.** at 10 (citing N.T. at 49). According to Appellant, the court also erred by finding that "there [had] been harassment" when Appellee's Petition was "silent on [this] issue" and "did not raise any allegations of harassment." **Id.** at 11. Appellant maintains that the court erred by allowing such "evidence to be presented [when it] was outside the scope and the four corners of the filed Petition." **Id.** He insists that the court's error in this regard deprived him of "sufficient notice of the allegations" that Appellee was making against him and, consequently, "he was unable to prepare a proper defense…." **Id.** at 12.

Appellant's argument is unconvincing. Initially, this Court has explained that "PFA[ Act] proceedings are initiated in effort to stop perpetration of abuse

and are civil in nature….” **Commonwealth v. Charnik**, 921 A.2d 1214, 1217 (Pa. Super. 2007). Thus, for a PFA hearing to “comport[] with due process, … the parties must, at a minimum, have the opportunity to present witnesses, testify on one’s behalf, and cross-examine the opposing party and his/her witnesses.” **Lanza v. Simconis**, 914 A.2d 902, 906 (Pa. Super. 2006) (citing, *inter alia*, **Leshko v. Leshko**, 833 A.2d 790 (Pa. Super. 2003)). Appellant makes no claim that he was deprived of any of these opportunities. He also offers no explanation for how his defense was ostensibly hindered by the court’s allowing the at-issue testimony by Appellee.

Regarding Appellant’s claim that Appellee’s Petition was not sufficiently specific to notify him of the instances of abuse she testified about at the hearing, this Court has declared that the PFA Act “does not anticipate that a person filing a Petition will be rigorously limited to the specific allegations of abuse found in that Petition.” **Snyder v. Snyder**, 629 A.2d 977, 981 (Pa. Super. 1993). Instead,

> [t]he statute provides simply that in commencing a proceeding under the Act, a Petition must be filed with a court alleging abuse by a defendant:
>
> **§ 6106. Commencement of proceedings**
>
> **(a) General rule.**—An adult or an emancipated minor may seek relief under this chapter for that person or any parent, adult household member or guardian ad litem may seek relief under this chapter on behalf of minor children, or a guardian of the person of an adult who has been declared incompetent under 20 Pa.C.S. Ch. 51 Subch. B (relating to appointment of guardian) may seek relief on behalf of the incompetent adult, *by filing a petition with the court alleging abuse by the defendant.*

- 6 -

*Snyder*, 629 A.2d at 981 (quoting 23 Pa.C.S. § 6106(a) (emphasis added)). We stressed in *Snyder* that "[t]he statute does not provide, we believe purposefully, [in] what detail allegations of abuse must be made, or whether a Petitioner can bring up at trial incidents or details not written down in the Petition." *Id.* We went on in *Snyder* to indicate that, as long as the incidents of past abuse are not too remote or insignificant, it is within the discretion of the trial court in determining whether past incidents of abuse should be admitted or excluded. *Id.* at 982.

Here, Appellant does not complain that the trial court improperly admitted the at-issue testimony by Appellee concerning prior incidents of abuse because those incidents were too remote or insignificant to be relevant to the instant PFA proceedings. Instead, he avers that Appellee did not sufficiently plead those incidents of abuse in her Petition. We disagree. As the trial court observes,

> [Appellee's] PFA Petition include[d] general descriptions of past abuse: "He raped and beat me repeatedly over the years"; "he punched me, sexual[ly] assaulted me several times"; "He has choked me, twisted my arms and legs"; "He has physically hurt me and left marks over 100 times." The incidents of abuse described in the Petition are consistent with [Appellee's] testimony during the final PFA hearing. There is no indication that [Appellee's] specific descriptions of abuse during her testimony are separate from the general allegations within the Petition.

TCO at 4. We discern no abuse of discretion in the court's decision that Appellee's general allegations of abuse in the Petition permitted her to testify regarding the more specific details of that abuse at the PFA hearing. *See Snyder*, 629 A.2d at 982 (stating "questions concerning the admission or

- 7 -

exclusion of evidence are within the sound discretion of the trial court, and may be reversed on appeal only when a clear abuse of discretion is apparent") (citations omitted).[2] Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2022

---

[2] We note that Appellant also cursorily claims that the trial court erred by drawing "a negative inference due to Appellant's decision not to testify." Appellant's Brief at 11. Appellant contends that, "[d]ue to the quasi-criminal nature of a [PFA] proceeding, [his] decision not to testify was his to make[,]" and the "court's drawing of a negative inference against Appellant for choosing not to testify was misplaced and unsupported." *Id.* Notably, Appellant cites no case law to support his argument, and he fails to point to where in the record he raised this claim before the trial court. Thus, we deem it waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In any event, considering the civil nature of PFA proceedings, *see Charnik*, *supra*, we would discern no error in the court's drawing a negative inference from Appellant's decision not to testify.