J-S14004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AMELIA CLAWSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUDLEY MCCLUNEY | : | |
| | : | |
| Appellant | : | No. 933 WDA 2022 |

Appeal from the Order Entered July 15, 2022
In the Court of Common Pleas of Cambria County
Civil Division at No(s):  No. 2022-2229

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: July 10, 2023**

Dudley McCluney appeals[1] from the order entered in the Cambria County Court of Common Pleas on July 15, 2022, granting the petition for protection from abuse ("PFA") filed by Amelia Clawson. McCluney argues the trial court erred in not permitting him to cross-examine Clawson, and in entering the PFA order in favor of Clawson. After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On May 3, 2023, this court docketed a *pro se* correspondence from McCluney as a petition to proceed in forma pauperis. McCluney filed this *pro se* petition while he was represented by counsel, and did so several months after his counsel had filed an appellate brief in this matter. Hybrid representation is not permitted in this Commonwealth. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). We therefore direct the prothonotary to send a copy of this filing to counsel pursuant to **Jette**. **See id**. at 1041 ("[O]ur rules of appellate procedure provide that whenever a defendant is represented by an attorney and the defendant files a *pro se* motion with the court, the filing will not be docketed and will be forwarded to counsel for his consideration.")

McCluney and Clawson met on the internet in February 2021 and started a relationship a month later. In November 2021, the parties moved in together. On July 1, 2022, Clawson filed a PFA petition alleging that during a verbal altercation on May 25, 2022, McCluney placed his hands around Clawson's throat while attempting to unbutton her pants. Clawson also noted McCluney had previously threatened and intimidated her on numerous occasions throughout their relationship. The trial court issued a temporary PFA order.

On July 15, 2022, the trial court held a hearing on the petition. Clawson and McCluney, who proceeded *pro se*, testified at the hearing. Following the hearing, the trial court entered a final PFA order against McCluney for a period of one year. This timely appeal followed.

On appeal, McCluney raises the following two issues:

1. Whether the trial court erred in not permitting [McCluney] to cross-examine [Clawson] following her testimony on direct examination?

2. Whether the trial court erred as a matter of law and abused its discretion in entering a [PFA] order on behalf of [Clawson]?

Appellant's Brief, at 4.

In his first issue, McCluney claims he was not permitted to cross-examine Clawson at the final PFA hearing, despite the fact that Clawson's counsel was able to cross-examine McCluney.

We are constrained to find this issue waived, as this issue was not raised in the lower court. **See Commonwealth v. May**, 887 A.2d 750, 758

(Pa.2005), *citing* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Our review of the record indicates McCluney never asked to cross-examine Clawson, nor did he ever object to the trial court's alleged error of not allowing him to conduct cross examination.[2] Accordingly, McCluney waived his first issue.

In his second and final issue, McCluney argues the trial court erred in granting the PFA order in favor of Clawson. When an appellant challenges the granting of a PFA petition, we review the trial court's legal conclusions to see whether the trial court committed an error of law or abused its discretion. **See K.B. v. Tinsley,** 208 A.3d 123, 127 (Pa. Super. 2019).

Here, the trial court granted Clawson's PFA petition pursuant to Section 6102(a)(5) of the PFA Act ("PFAA"), which defines "abuse" as:

> Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury.

23 Pa.C.S.A. § 6102(a)(5).

---

[2] It is likely McCluney's *pro se* status led to his failure to ask to cross-examine a witness, and to raise an appropriate objection at the PFA hearing. Nevertheless, this Court has consistently held

> *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing

*In re Ullman*, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010) (citations omitted).

J-S14004-23

McCluney argues the trial court violated his due process rights by finding he engaged in a "course of conduct" when the court would not allow him to testify to any previous events other than the events of May 25, 2022.

In order for a PFA hearing to comport with due process, "the parties must, at a minimum, have the opportunity to present witnesses, testify on one's behalf, and cross-examine the opposing party and his/her witnesses." *Lanza v. Simconis*, 914 A.2d 902, 906 (Pa. Super. 2006) (citation omitted).

Initially, we note that McCluney failed to properly preserve this issue in his Pa.R.A.P. 1925(b) statement. It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

Here, McCluney's statement lists three alleged errors:

1. The Trial Court erred as a matter of law and abused its discretion in entering a Protection From Abuse Order on behalf of [Clawson].
2. The Trial Court erred in not permitting [McCluney] an opportunity to cross-examine [Clawson] following her testimony on direct examination.
3. The Trial Court erred in concluding that [Clawson] was in reasonable fear of imminent serious bodily injury in making the determination to grant a Protection From Abuse Order.

Statement of Matters Complained of on Appeal, filed 10/21/22. None of the questions fairly suggest that McCluney was challenging the trial court's evidentiary rulings regarding conduct other than on May 25, 2022. McCluney has therefore waived this issue for appellate review.

Even if we were to reach this issue, we would conclude it has no merit. After a review of the record, it is clear the largest impediment to McCluney's presentation of evidence was unfamiliarity with the rules of procedure and evidence. The trial court recognized McCluney was *pro se* and therefore did its best to guide him through the proceedings, even objecting on his behalf to irrelevant testimony provided by Clawson. **See id**. at 9, 16.

While the trial court did limit McCluney's testimony at certain times, it was only in order to guide the proceedings through McCluney's acknowledged lack of expertise regarding the hearing procedure. The trial court had to continuously direct McCluney to focus on the relevant discussion. For example, when McCluney attempted to admit a three-inch binder of text messages without pinpointing any messages in particular that were relevant, the trial court gave McCluney the opportunity to take the stand to discuss any specific

texts he wanted to present. *See id*. at 9-10. McCluney stumbled to find any specific section of texts, and instead the court had to locate a section of text messages itself that seemed most relevant. *See id*. at 13.

McCluney was able to sufficiently testify as to the events of May 25, 2022, and in general to the relationship he had with Clawson. Under these circumstances, we cannot conclude the trial court acted in a manner that deprived McCluney of his due process rights.

In the end, the trial court concluded that the PFA order was warranted based on Clawson's credible testimony. We see no error or abuse of discretion in this conclusion.

Order affirmed. Prothonotary directed to forward *pro se* application to Appellant's counsel of record.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2023