J-S01001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY DANIEL THORNE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORI ANN THORNE | : | |
| | : | |
| Appellant | : | No. 1556 MDA 2024 |

Appeal from the Order Entered September 23, 2024
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2024-02957

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                     **FILED: APRIL 1, 2025**

Appellant Lori Ann Thorne appeals from the order granting Appellee Timothy Daniel Thorne's petition for a final order entered pursuant to the Protection From Abuse (PFA) Act.[1]  Appellant argues that the trial court erred by denying her the opportunity to observe the testimony of two witnesses and conduct cross-examination at the PFA hearing.  We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

> This matter began when [Appellee] filed a [PFA petition] on August 22, 2024.  [Appellee] sought an order of protection for himself and the parties' minor children, B.P.T. and A.E.T.  **See** Petition.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S. §§ 6101-6122.

The [c]ourt conducted an *ex parte* hearing and issued a temporary [PFA] order on August 22, 2024. The Sheriff served [Appellant] the same day. ***See*** Sheriff's Notice of Service, filed August 29, 2024.

On September 3, 2024, both parties appeared *pro se* before the [c]ourt for the final hearing. [Appellant] was incarcerated and under [a] criminal charge resulting from one or more of the allegations in the petition. [Appellant] requested and was granted a continuance of the hearing for purposes of consulting with her criminal defense attorney and to retain counsel to represent her in this matter. ***See*** Order of Court, 9/3/24.

The parties again appeared without counsel for the final hearing on September 23, 2024. [Appellant] made multiple oral requests for a continuance to retain counsel and bring her witnesses; the [c]ourt denied these requests. The [c]ourt then proceeded to hearing; the minor children testified *in camera* and [Appellant] testified. At the conclusion of the evidence, the [c]ourt found [Appellee] met his burden of proof and persuasion. The [c]ourt then issued the final [PFA] order.

Trial Ct. Op., 11/19/24, at 1-2 (some formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

Did the [] PFA court err, commit an abuse of discretion, and/or cause structural error by denying Appellant [the] opportunity [to] observe the testimony of two witnesses called by Plaintiff-Appellee and to cross-examine those witnesses at final Protection from Abuse hearing, where due process requires an opportunity to cross-examine opposing witnesses, and inherent in the right to cross-examine is a requirement that direct testimony be able to be heard by the opposing party?

Appellant's Brief at 4 (some formatting altered).

In her sole issue on appeal, Appellant argues that the trial court violated her due process rights by denying her the opportunity to cross-examine the two witnesses at the PFA hearing. *Id.* at 8. Specifically, Appellant argues that the PFA court heard from "Appellee's witnesses *in camera*, excluding Appellant (who was *pro se* before that Court) from the testimony." *Id.* at 9. She contends that "[a]t no time was Appellant offered the opportunity to cross-examine Appellee's witnesses, and even if an opportunity were afforded, cross-examination would be impaired by denial of observation or hearing of the direct, accusatory, testimony." *Id.* Instead, Appellant claims that "[t]he PFA court simply declared that the testimony would be occurring in another room, without the parties present, and never asked if Appellant would like to cross-examine those witnesses." *Id.* at 9-10 (some formatting altered). Appellant acknowledges that she did not object to the *in camera* testimony before the trial court, but contends that she "never made a knowing decision to waive [her] right to cross-examine[]" and concludes that the lack of opportunity to cross-examine witnesses constitutes reversible error. *Id.* at 10, 12.

"A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." *S.T. v. R.W.*, 192 A.3d 1155, 1160 (Pa. Super. 2018) (citations omitted and formatting altered). It is well settled that "[p]rocedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having

- 3 -

jurisdiction over the case." ***Garr v. Peters***, 773 A.2d 183, 191 (Pa. Super. 2001) (citations and quotation marks omitted). "Parties may waive rights, even due process rights and other rights of constitutional magnitude." ***Tecce v. Hally***, 106 A.3d 728, 732 (Pa. Super. 2014) (citation omitted); ***see also*** Pa.R.A.P. 302(a); ***Morgan v. Morgan***, 117 A.3d 757, 762 (Pa. Super. 2015) (explaining that "appellants may not raise issues for the first time in a Rule 1925(b) statement" (citation omitted)).

Here, the trial court concluded that Appellant waived her due process claims because she raised them for the first time on appeal. Specifically, the trial court explained:

> [Appellant] asserts this court "denied" her the opportunity to be present for the *in camera* testimony of the minor children and to cross-examine them. ***See*** Concise Statement, ¶ 1. The court did not deny any request for such relief from [Appellant] because she made no such request. Across the entire month between when the Petition was filed and final hearing was held, across two separate hearings before this court, and after an opportunity to consult with counsel, [Appellant] never objected to this court conducting an *in camera* interview of the minor children without her present. Further, she never proposed questions for the court to ask the minor children, nor request an opportunity to do so.
>
> In an effort to avoid a finding of waiver by the Honorable Superior Court, [Appellant] cites ***Lanza v. Simconis***, 914 A.2d 902 (Pa. Super. 2006) for the proposition that this claim of error is structural. The ***Lanza*** Court said no such thing. ***Lanza***, 914 A.2d at 902-907. Indeed, the ***Lanza*** Court did not address a court conducting an *in camera* interview of a minor child, or whether the absence of the defendant from an *in camera* interview constituted structural error. ***Id.***
>
> Rather our courts have long held that, while the right to conduct cross-examination is constitutional in nature, it can be waived by failure to voice an objection.

> In short, we cannot offer further explanation because [Appellant] never requested to be present during the *in camera* interview, nor objected to not being included and/or not being able to cross-examine her minor children. We therefore cannot explain a ruling we were never asked to make.

Trial Ct. Op., 11/19/24, at 3-4 (some citations omitted).

Our review of the record confirms that Appellant failed to raise an objection before the trial court. Therefore, we agree with the trial court that Appellant waived her due process claim by raising the issue for the first time on appeal. ***See Morgan***, 117 A.3d at 762; ***Tecce***, 106 A.3d at 732; ***see also*** Pa.R.A.P. 302(a). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>04/01/2025</u>